Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

FILED & ENTERED 10/14/10

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **GINA GRIFFITHS**, <br><br>          Plaintiff, <br><br> vs. <br><br> **SENTRY CREDIT, INC.**, <br><br>          Defendant. | Case No.: 10-6338-AA <br><br> **COMPLAINT;** <br><br> FAIR DEBT COLLECTION PRACTICES ACT (15 USC § 1692a, *et seq.*); <br><br> DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II. JURISDICTION

2. Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

Complaint – Page 1

### III. PARTIES

3. Plaintiff, Gina Griffiths ("Plaintiff"), is a natural person residing in Lane County, Oregon.

4. Defendant, Sentry Credit, Inc., ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

### IV. FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8. Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9. Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff, including calling Plaintiff with a frequency intended to harass, annoy or abuse after Plaintiff clearly and unequivocally refused to pay the debt (15 USC § 1692d(5).

10. Defendant called Plaintiff on or about August 5, 2010, to collect a debt owed to HSBC in the amount of approximately $8,000.

11. Defendant asked Plaintiff to pay the debt during the conversation referenced in paragraph 10, and Plaintiff unequivocally refused, stating that she believed the debt was past the limitations period for collection. Defendant acknowledged Plaintiff's position and hung up.

12. Defendant did not stop calling, and called again at least 9 times before the end of that calendar month.

13. Each and every call after the conversation between Plaintiff and Defendant on August 5, 2010, was made with intent to harass, annoy or abuse Plaintiff into changing her mind about paying the debt. There is no other conceivable purpose for the calls, given that Plaintiff had already stated clearly her unwillingness to pay the debt or even discuss the issue with Defendant.

14. Plaintiff never answered any of the calls made after the initial conversation, highlighting thereby her unwillingness to discuss the debt, which she stated clearly during the initial conversation.

15. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

16. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

17. Defendant's actions, detailed above, were undertaken with extraordinary

disregard of, or indifference to, known or highly probable risks to purported debtors.

18. To the extent Defendant's actions, detailed in paragraphs 8-14, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff reincorporates by reference all of the preceding paragraphs.

20. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the FDCPA, § 1692d(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages pursuant to 15 USC 1692k;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E. For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Dated this 11th day of October, 2010.

By: _____
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
Attorney for Plaintiff