FILED 15 AUG '11 12:26 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Gina Griffiths,

Plaintiff,

vs.

Sentry Credit, Inc.,

Defendant.

Civil No. 10-6338-AA
OPINION AND ORDER

Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd., Ste. 150
Lake Oswego, Oregon 97035
Attorney for plaintiff

Kimberlee Walker Olsen
Luke, Casteel, & Olsen, PSC
3400 188th St. SW, Ste. 484
Lynnwood, Washington 98037

Jeffery I. Hasson, Esq.
Davenport & Hasson, LLP
12707 NE Halsey Street
Portland, Oregon 97230
Attorneys for defendant

AIKEN, Chief Judge:

Plaintiff, Gina Griffiths, asserts that Defendant, Sentry

Credit, Inc. ("Sentry"), violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692d(5), by placing telephone calls to plaintiff with the intent to harass, annoy, or abuse her. Defendant moves for summary judgment. For the reasons set forth below, defendant's summary judgment motion is granted.

BACKGROUND

This action arises from two telephone conversations between the parties and ten to twelve unanswered telephone calls made by defendant to plaintiff's residence. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(6) of the FDCPA. Defendant is a "debt collector" as defined in 15 U.S.C. § 1692a(6) and contacts individuals using the mail or telephone to collect unpaid debts. Compl. ¶ 2. On August 4, 2010, defendant was assigned plaintiff's debt from Household Beneficial Finance in the amount of $8,033.55. Olsen Decl. Ex. 2 at 5.

On August 5, 2010, defendant's employee, R.J. McBride, placed a call to plaintiff's home. Compl. ¶ 10. The following is the transcript of the phone call:

> *Mr. McBride*: " . . . I'm calling from Hal – from Sentry Credit. It is in reference to a Household Beneficial matter which was assigned to us yesterday and there's a balance of $8,033.55 and this call is being recorded and/or monitored for quality assurance. This is an attempt to collect a debt by a debt collector and any information obtained will be for that purpose. And,

Gina, I would most certainly like to help you get the matter resolved here, today, if at all possible. I'm looking at the file here. It looks like this account was opened in May of 2005 and it looks like something happened here towards the beginning of 2009 when the payments ceased. What happened Gina?"

*Gina Griffiths*: "Actually, that account is passed its statute so I'm not able to discuss it with you."

*Mr. McBride*: "When you say statute, you mean – "

*Gina Griffiths*: "Yes. So I'm sorry. I'm not able to discuss help you with that."

*Mr. McBride*: "Oh."

*Gina Griffiths*: "Thank you."

*Mr. McBride*: "You bet. Thank you."

Olsen Decl. Ex. 1 at 2-3.

Defendant reviewed plaintiff's account and determined that the statute of limitations period for that account expires in November 2013. Joint Pretrial Order 3(e), July 13, 2011. Between August 6, and September 1, 2010, defendant called plaintiff's residence ten to twelve more times. Joint Pretrial Order 3(f). Plaintiff did not answer any of these calls. Compl. ¶ 14. During this time, defendant did not leave any messages or attempt to contact plaintiff using any other means. Olsen Decl. Ex. 2 at 6-7.

On September 1, 2010, plaintiff placed a call to defendant and asked the representative who answered whether the number she was calling belonged to defendant. Olsen Decl. Ex. 1 at 5. After the representative confirmed that the number belonged to defendant, plaintiff thanked him and hung up without identifying herself. Id.

STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. T.W. Electrical Service, Inc. v. Pacific Electrical Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of a dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating summary

judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T.W. Electrical, 809 F.2d at 630.

DISCUSSION

Plaintiff alleges that defendant violated 15 U.S.C. § 1692d(5) by placing ten to twelve calls to her residence between August 6, 2010, and September 1, 2010. Section 1692d of the FDCPA prohibits a debt collector from "causing a telephone to ring...repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). Defendant has provided the transcripts of both conversations between plaintiff and defendant, as well as the testimony of Michael Mathis, an employee for defendant. The transcripts establish that defendant was attempting to contact plaintiff in order to inform her of the correct statute of limitations period and not to harass, abuse, or annoy her. Therefore, defendant satisfied its burden by showing an absence of a genuine issue of material fact.

Plaintiff provided no evidence whatsoever disputing defendant's assertions or setting out facts that show defendant's debt collection activities constitute harassment or abuse under the statute. Therefore, plaintiff has failed to identify specific facts to support her claim.

Instead, plaintiff requests that the Court consider only the call volume to determine that a genuine issue of material fact exists for trial. Although plaintiff correctly identifies some disagreement among district courts as to the specific volume and pattern of calls that allows a plaintiff to raise a triable issue of fact regarding the defendant's intent to annoy or harass, plaintiff fails to note that district courts generally require a high call volume coupled with egregious conduct in order for the court to find harassment. See Bingham v. Collection Bureau, Inc., 505 F. Supp. 864 (D. N.D. 1981)(fourteen calls in a one month period is not harassment but when calls were coupled with the immediate recalling of a debtor after the debtor hung up, the calls were harassment); Chiverton v. Fed. Fin. Group, Inc., 399 F. Supp. 2d 96, 101 (D. Conn. 2005)(using abusive language is a violation of FDCPA); Kuhn v. Account Control Technology, Inc., 865 F. Supp. 1443, 1453 (D.Nev. 1994) (six phone calls in twenty-four minutes, including immediately recalling the debtor after she hung up on the collector, was harassment). However, merely placing calls, without any other abusive conduct, is not harassment. See Shand-Pistilli v. Prof'l Account Servs., 2011 U.S. Dist. LEXIS 64446 (E.D. Pa. June 16, 2011) (ten calls over seventy-three days was not sufficient by itself to raise a genuine issue of material fact as to defendant's intent in making the phone calls); Waite v. Fin. Recovery Servs., 2010 U.S. Dist. LEXIS 133438 (M.D. Fla. Dec. 16, 2010) (placing four calls within

a single day without other oppressive conduct did not constitute harassment under § 1692d(5)); Tucker v. CBE Group, Inc., 710 F. Supp. 2d 1301, 1305-1306 (M.D. Fla. 2010) (making no more than seven calls in a single day and not calling back after leaving a message demonstrated that defendant made calls to reach plaintiff rather than to harass her).

Although defendant placed between ten and twelve calls to plaintiff's residence during the period of August 6, 2010, to September 1, 2010, defendant did nothing else to indicate that it intended to annoy, abuse, or harass plaintiff. The Court finds no evidence of an unacceptable volume or pattern of calls and the record is lacking any indication that the defendant engaged in the type of egregious conduct that would raise an issue of triable fact. Plaintiff offered no evidence to show that defendant called at an unreasonable hour or that more than one phone call was made per day.

Plaintiff also alleges that she suffered emotional distress as a result of defendant's phone calls; however, her opinion as to whether the calls were harassing is not evidence of defendant's intent. Instead, the evidence suggests that defendant intended to contact plaintiff to inform her of her mistake, rather than to harass her. In addition, the evidence shows that plaintiff called defendant on September 1, 2010, after defendant had placed the ten to twelve telephone calls. During this call, plaintiff inquired whether she was speaking with

defendant. This exchange demonstrates that plaintiff was unsure who had attempted to contact her previously. Even when all inferences drawn from the underlying facts are viewed in the light most favorable to plaintiff, no reasonable juror could find for plaintiff. Therefore, defendant's motion for summary judgment is granted.

CONCLUSION

Defendant Sentry Credit's summary judgment motion (doc. 17) is granted and defendant's motion to strike plaintiff's allegations is denied as moot. This case is dismissed and all pending motions are denied as moot.

IT IS SO ORDERED.

Dated this 11th day of ~~July~~ August 2011.

Ann Aiken
United States District Judge